**SO ORDERED.**

**SIGNED this 14 day of October, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

GARY J. DOWDY, SR.,                    CASE NUMBER 09-00336-8-JRL
                                       CHAPTER 11
    DEBTOR.

---

### ORDER

This matter came before the court on MOLAW, LLC's pending motions to intervene and for relief from stay. A hearing on the matters was held in Raleigh, North Carolina on September 2, 2009.

### BACKGROUND

An involuntarily Chapter 7 petition was filed on January 15, 2009, naming Gary Joseph Dowdy, Sr., as the debtor. On May 6, 2009, an order was entered by this court granting the conversion of the debtor's case from Chapter 7 to Chapter 11. Among the debtor's real property listed in the filed Schedule A are two tracts of adjoining property in Nags Head, North Carolina. The first tract is described as 6504 S. Croatan Highway, Parcel No: 008822005 and valued at $2,386,476.40 ("Tract 1"). The second tract is described as Forbes Street, Parcel No: 008822007 and valued at $230,000.00 ("Tract 2"). Tract 1 is divided into two parcels of real property and is the tract at issue.

On November 14, 2005, a judgment in the amount of $3,000,000.00 was entered against the debtor in favor of Muslima Subkhangulova Dowdy, Diana Subkhangulova, and Albina Subkhangulova (the "judgment creditors"), which became a lien against the debtor's real property, including both Tracts 1 and 2. The debtor filed an appeal from the judgment. On February 13, 2008, after all appeals were exhausted, the debtor was given notice of his right to claim exempt property. The debtor filed a motion to claim exempt property on April 18, 2008, but did not claim any exemption in Tract 1. On April 28, 2008, a writ of execution was issued against the debtor's property in Dare County, North Carolina. The Sheriff of Dare County elected to sell all of Tract 1. On July 9, 2008, Tract 1 was sold at the Dare County Courthouse in Manteo, North Carolina. After the sale of Tract 1, numerous upset bids were filed with the Clerk of Court for Dare County. On August 28, 2008, a final upset bid was placed on the property by MOLAW, a North Carolina limited liability company with its principal place of business in Elizabeth City, in the amount of $250,670.00. No further upset bid was made within the ten-day upset bid period following August 28th, nor was an objection filed to resell the property on grounds that MOLAW's bid was too low.

On September 12, 2008, four days after the upset bid period expired, the judgment creditors filed a motion for resale. However, due to the untimeliness of the judgment creditors' motion, the Clerk of Superior Court for Dare County confirmed the sale to MOLAW on October 20, 2008.[1] On October 31, 2008, the judgment creditors filed a notice of appeal. MOLAW moved to dismiss the appeal on timeliness and jurisdictional grounds. On January 15, 2009,

---

[1] The judgment creditors assert a procedural irregularity in the clerk confirming the sale without ruling on the motion for resale. Since that motion was clearly untimely no ruling prior to the order confirming sale was required.

2

before the appeal could be heard, the judgment creditors placed the debtor into involuntary bankruptcy. With the automatic stay in effect, the motion to dismiss the appeal remains frozen in state court. MOLAW asserts that it is the equitable owner of Tract 1 and, therefore, should be granted relief from the stay so that it may join its equitable interest with the legal title.

Both the debtor and judgment creditors oppose lifting the stay. The two parties are of the opinion that Tract 1 remains part of the bankruptcy estate because of a procedural irregularity involved in the execution sale process. After the debtor filed his motion to claim exemptions, no order was entered setting off those exemptions. Because of this procedural irregularity, the debtor and judgment creditors contend that the clerk of court was without authority to issue the April 28, 2008, writ of execution. As such, they seek to have Tract 1 resold under the debtor's reorganization plan pursuant to 11 U.S.C. § 1123. MOLAW contends that regardless of the existence of this procedural irregularity on the part of the clerk, it was a bona fide purchaser whose interest is unaffected.

An additional party to the proceeding is Sandra Dowdy Jump ("Jump"), a former spouse of the debtor. Jump asserts that on November 27, 2000, she and the debtor executed a North Carolina general warranty deed regarding Tract 1. Language was included in the deed which purports to grant Jump a right of first refusal should the debtor ever attempt to sell the property. Jump further asserts that since the deed has been of record since September 5, 2001, the Sheriff's sale triggered her preemptive right permitting her to match MOLAW's bid and purchase Tract 1 at the sale's final price.

Also before the court is an issue which deserves brief mention. While MOLAW is a separate legal entity, its members are all practicing attorneys with the Twiford Law Firm

("Twiford") in Elizabeth City, North Carolina. Twiford represented the judgment creditors during the litigation and successful settlement negotiations with the debtor that would later lead to the judgment and execution. Twiford had no role in the execution process, having been discharged by all three judgment creditors previous to that time. However, when MOLAW learned of the execution process, correspondence was exchanged between MOLAW and the judgment creditors about a bidding coalition in which MOLAW would make upset bids to elevate and maximize the recovery on the judgment. That the members of MOLAW are the former attorneys of the judgment creditors raises unusual questions into which the court inquired at the hearing. This is particularly the case since MOLAW acknowledged that when the final bid was submitted, there was an ongoing dispute between the judgment creditors and Twiford concerning attorney's fees. The court finds, however, that full disclosure of the cooperative bidding was made both privately and on the public record without objection from the judgment creditors. Therefore, the court will not turn its ruling on this unusual congruity of interests.

Thus, the court is left to determine two distinct issues: 1) whether the procedural error by the clerk of court was of such magnitude that the sale should be undone and brought into the bankruptcy estate, and 2) the effect of the right of first refusal on an execution sale.

## DISCUSSION

N.C.G.S. §1C-1603(e) details the procedure for setting aside exempt property. The judgment debtor may move to designate exemptions by filing a motion and schedule of assets or requesting a hearing before the clerk. If the judgment debtor files a motion, a 10-day waiting period is required after the motion to allow for the judgment creditor to file objections. If no objection is filed within the 10-day time frame, the clerk shall enter an order designating

allowable property as exempt. After the clerk's order is entered, the judgment creditor may then request the issuance of a writ of execution. N.C.G.S. § 1C-1603(e)(3)-(6).

Under North Carolina law, to gain relief from an irregular judgment that is entered contrary to required procedures, the court must determine: 1) that the irregularity was material in prejudicing the movant's rights, 2) that the movant used diligence in discovering the irregularity, and 3) that the movant is entitled to relief. Menzel v. Menzel, 250 N.C. 649, 654-56, 110 S.E.2d 333, 336-38 (1959).

At the hearing, Beth Meekins ("Meekins"), a Deputy Clerk for the Superior Court of Dare County, testified that court records did contain the debtor's motion to set aside exempt property but did not contain an order from the clerk to set off such property. Meekins further asserted that it was standard practice to send a copy of the debtor's motion for exemptions along with the execution to the sheriff's office immediately upon the filing of the execution. Prior to the present hearing, the deputy clerk acknowledged that she was unaware of the statutory 10-day waiting period.

It is without question that the clerk of court erred in not filing an order to set aside exempt property before issuing the writ of execution on the debtor's property. N.C.G.S. § 1C-1603(e)(6). However, the court finds that such error does not appear to have had a material effect on the sale of Tract 1, or to have prejudiced the debtor or judgment creditors. Specifically as to the debtor, notice of the initial sale was hand-delivered to him by the deputy sheriff of Dare County. Affidavit of Marylynn Cahoon, August 28, 2008. Following the sale, notice of all upset bids was mailed to the upset bidder and the debtor. At all times throughout the process, the debtor was aware of the steps being taken as to Tract 1. Even if unaware of the clerk's error, the

5

debtor had ample opportunity to protect his rights throughout the sale process. More importantly, however, Tract 1 was not listed as exempt property in the debtor's motion to claim exemptions. Therefore, the outcome of the sale of Tract 1 would be unchanged even if the clerk had properly executed her duties.

While the judgment creditors were not sent notice of each upset bid filed, such information was of public record. Furthermore, based on the correspondence between counsel for the judgment creditors and MOLAW, the judgment creditors were aware of MOLAW's intentions to file repeated upset bids to raise the final price. Therefore, the judgment creditors had sufficient opportunity to monitor upset bid periods were they concerned about the final sale price.

Under North Carolina law, materiality of a defect in an execution sale is not established solely by inadequacy of purchase price.

> "[I]t is the materiality of the irregularity in such a sale. . .which is determinative of a decision in equity to set the sale aside. . .Where inadequacy of purchase price is necessary to establish the materiality of the irregularity, it must also appear that the irregularity or unusual circumstance caused the inadequacy of price."

Beneficial Mortgage Co. v. Peterson, 163 N.C. App. 73, 80, 592 S.E.2d 724, 728 (2004), quoting Swindell v. Overton, 310 N.C. 707, 713, 314 S.E.2d 512, 516 (1984). The numerous upset bids filed are evidence that the procedural error had no effect on interest in the property. Furthermore, the procedural misstep was immaterial as to the determination of price as it is clear the debtor never asserted a claim of exemption in this tract.

The court has reached this conclusion with great reluctance. It appears this property was likely sold significantly below market value, is the only asset available to satisfy a consent judgment for grievous wrongs, has a serious procedural irregularity, and a curious intertwining

of interests of counsel. Nonetheless, these are not sufficient to set aside the sale. The court notes that this ruling returns the parties to state court where the appeal of the clerk's confirmation order is pending. Should the resident superior court judge with supervisory authority over the internal procedures of his or her own court see this differently, a fair result would be to return this property to the bankruptcy estate where it could be sold more appropriately.

Based on the foregoing, the motion for relief from stay is **GRANTED**. While the second issue concerning Jump's right of first refusal is intriguing, and appears to be an issue of first impression in North Carolina, the court will not extend its analysis to such matters. With the stay lifted as to Tract 1, the impact of Jump's preemptive rights on the execution sale is better suited at this juncture for determination by the state courts.

**END OF DOCUMENT**