**SO ORDERED.**

**SIGNED this 26 day of February, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| GARY JOSEPH DOWDY, SR., | 09-00336-8-JRL |
| DEBTOR. | Chapter 11 |

## ORDER

This case is before the court on the motion of Muslima, Diana, and Albina Subkhangulova (the "judgment creditors") to withdraw certain acceptances pursuant to Bankruptcy Rule 3018 and on the motion of Ronald G. Baker to withdraw as attorney of record for the judgment creditors. On February 4, 2010, a hearing on these matters was held in Raleigh, North Carolina.

An involuntary petition for relief under chapter 7 of the Bankruptcy Code was filed on January 15, 2009, naming Gary Joseph Dowdy, Sr., as the debtor. An order granting the debtor's motion to convert the case from chapter 7 to chapter 11 was entered on May 5, 2009. The debtor's proposed Chapter 11 plan was filed on December 7, 2009, with a hearing on confirmation of the plan set for February 4, 2010. By joint ballot, the judgment creditors submitted an acceptance of the debtor's plan of reorganization to the court on December 10, 2009. The judgment creditors are the sole secured creditors and the sole impaired creditors in

this bankruptcy action.

A judgment arising from the settlement of a tort action was entered against the debtor in favor of the judgment creditors in the amount of $3,000,000.00 on November 14, 2005. The judgment became a lien on certain real property of the debtor, and after executing on the judgment a sheriff's sale was held to liquidate a portion of the debtor's real property. The sale did not bring sufficient funds to satisfy the judgment, which led the judgment creditors to file a motion for resale in the state court. However, the motion for resale was untimely, and the Clerk of Court for the Superior Court for Dare County confirmed the sale on October 20, 2008. On October 31, 2008, the judgment creditors filed a notice of appeal, and before the appeal could be heard the judgment creditors filed the involuntary bankruptcy petition against the debtor. Under the protection of the automatic stay, the proceedings in state court were suspended.[1]

MOLAW, LLC, the high bidder at the sheriff's sale, requested relief from the automatic stay, asserting that the sale was valid and that the real property purchased was not part the debtor's bankruptcy estate. The debtor and the judgment creditors argued that due to a procedural defect with the sale, the real property was property of the bankruptcy estate. On October 14, 2009, this court granted MOLAW's request for relief, and remanded the litigation to state court.

A settlement of all issues relating to the judgment was reached between the judgment creditors, the debtor, MOLAW and the Twiford Law Firm. On December 7, 2009, in a hearing

---

[1] At some point, a dispute arose between the judgment creditors and their counsel, the Twiford Law Firm, over legal fees associated with the tort suit and judgment action. The judgment creditors then obtained the representation of Ronald G. Baker, who represented the judgment creditors in the bankruptcy proceedings and in subsequent negotiations.

before the Honorable J. Carlton Cole, Judge of the General Court of Justice, Superior Court Division, in Pasquotank County, North Carolina, the parties recited the terms of the settlement agreement on the record. Muslima and Albina Subkangulova were present at the hearing, with Muslima acting as attorney-in fact for Diana Subkangulova.[2] The judgment creditors were represented by Ronald Baker and the debtor by John Bircher. The Twiford Law Firm and MOLAW were represented by John Trimpi. Later that day, the debtor filed a proposed chapter 11 plan, which incorporated the terms of the settlement agreement. A consent order was entered on December 10, 2009, dismissing the judgment creditors' appeal with prejudice, denying the motion for resale with prejudice, and providing that the judgment creditors owed no monies to the Twiford Law Firm for legal fees and expenses incurred in association with the firm's prior representation of the judgment creditors. The judgment creditors then filed their acceptance of the debtor's chapter 11 plan in accordance with the terms of the settlement agreement.

On January 25, 2010, the court received a letter from the judgment creditors indicating that they wished to revoke their acceptance of the debtor's chapter 11 plan because they felt that the terms of the settlement agreement incorporated therein were unfair. Attached to the letter were emails between Baker and Albina Subkhangulova. Albina told Baker that she and her family were no longer willing to comply with the provisions of the settlement agreement relating to the debtor. Baker informed the Subkhangulovas that they were bound by the terms of the settlement agreement, that he was unwilling to renounce the agreement for them, and that if they decided to withdraw their acceptance of the debtor's plan he would file a motion to withdraw as

---

[2]Diana Subkhangulova had previously granted the power-of-attorney to her mother so that Muslima Subkhangulova could make legal decisions in her daughter's absence.

3

their attorney with the bankruptcy court.  The Subkhangulovas submitted the letter as their motion to withdraw the acceptance, and Baker filed his motion to withdraw from the case.

At the hearing, Diana Subkhangulova testified that she wished to withdraw her acceptance of the plan because she was not present at the December 7th hearing and did not take part in the negotiations.  She chose not to be present because she was scheduled to work and underestimated the importance of the hearing.  Although she had given her mother power-of-attorney, Diana professed that she did not believe that it was valid in this situation.  Diana informed the court that her mother informed her of the terms of the agreement over the phone before Muslima accepted the agreement on her daughter's behalf.  When informed that renouncing the agreement meant that the entire agreement would be nullified, Diana stated that she only wished to revoke the portions concerning the debtor and wanted the agreement to stand as to MOLAW and the Twiford Law Firm.  Muslima Subkhangulova also testified, stating that when she agreed to the terms of the settlement agreement she did not believe that the debtor was a party to that agreement.

Federal Rule of Bankruptcy Procedure 3018(a) provides that "[f]or cause shown, the court after notice and hearing may permit a creditor or equity security holder to change or withdraw an acceptance or rejection."  Based on the testimony provided, the court finds that cause does not exist under Rule 3018 to permit the judgment creditors to withdraw their acceptance of the debtor's chapter 11 plan. The record shows that the judgment creditors' acceptance was based on a complete and thoroughly negotiated settlement agreement, which has been accepted by the state court.  It is clear to the court that the parties were aware of the essential terms of the settlement when they entered into the agreement.  Diana Subkhangulova

was aware of the state court hearing where the agreement was negotiated, she was in communication with her mother and sister and their joint counsel, and although she chose not to attend the hearing, she was represented by counsel at the hearing. No disagreement to the terms was expressed at the hearing or prior to entering into the settlement agreement. Moreover, the terms of the settlement agreement appear imminently fair to all parties involved. No cause exists upon which to permit the judgment creditors' request.

Based on the foregoing, the judgment creditor's motion to withdraw certain acceptances is DENIED, and Ronald Baker's motion to withdraw as attorney is GRANTED.

**"END OF DOCUMENT"**